The opinion of the Court was delivered by
Mr. Justice Nott.
The counsel in this case was allowed to take a much more extensive range in the argument, than could have been claimed from the grounds *215 taken in the notice of a motion for a new trial. I shall, however, confine myself to the grounds taken in the brief. ■
p.¿°yníf^0e"h^h!
The law implies a promise, on the SNidSaievofy¿y due co$S£d are entitled to the aid this court to
Te47“"T S to aS°ib"m” mory at the trial.
The confession of a party is, in most cases, the highest evidence that can be given against him. A person may be convicted of the highest known to our laws on his own confession. On an indictment or action of debt, for a fine imposed by the state, no better evidence is required than the confession of the party that he had incurred the penalty. The law implies a promise * a a on the part of every member of society, or corporation, to pay all the sums required by the rules and by-laws of that society or corporation; - - , _ n _ and where they have not the means ox enforcing payment, they are entitled to the aid of Court. The testimony in this case was fully competent to establish the demand.
2d. The Corporation has not exceeded its jurisdiction. The sum sued for is the aggregate amount of several penalties added together, each of which is confessedly within its jurisdiction.
3d. The witness was properly permitted to recur to his ledger, or any other memorandum, to assist his memory; or, rather as the evidence a fact which he knew to exist, by referring to it, although he might have lost all recollection of the fact itself. When accounts are adjusted, the amount settled and recorded, what higher evidence can exist of the fact, than a memorandum, supported by the oath of the party who *216 mac^e it? Bonds and notes furnish but little higher evidence of the facts they contain, for the witnesses by whom they are proved seldom re- or know any thing more of the transaction, than that their names are subscribed in their own handwriting to the paper; the books themselves, in this case, were not evidence. The witness might have proved the amount from recollection; but the memorandum was better.
r,untt,contra.
4th. The set-ofF was properly rejected. Demands can only be set-off between parties in the characters in which they sue and are sued. The defendant had no right to set-off against a demand due the Corporation, an account against the clerk of that body. Mr. Chapman had no right to make any such contract. It would have been a fraud upon the Corporation, and would not have been permitted by the Court. But in fact there was no such contract. The motion for a new trial must be refused.
Colcoch, Cheats, and Johnson, J. concurred.